## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**

Jun 24 2015, 10:27 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kylie Lin Jenks,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 24, 2015

Court of Appeals Case No.
22A04-1411-CR-522

Appeal from the Floyd Circuit Court

Lower Court Cause No.
22C01-1402-FA-285

The Honorable J. Terrence Cody,
Judge

**Pyle, Judge.**

# Statement of the Case

Kylie Lin Jenks ("Jenks") appeals her sentence for Class B felony conspiracy to commit arson.[1]  On appeal, she argues that the trial court abused its discretion at sentencing by considering a pending charge as part of her criminal history.  In addition, she claims that her sentence is inappropriate in light of the nature of the offense and her character.  Concluding that the trial court did not err by considering her pending charge during sentencing and that her sentence is not inappropriate, we affirm her sentence.

We affirm.

## Issues

1. Whether the trial court abused its discretion in sentencing Jenks.

2. Whether Jenks's sentence is inappropriate under Indiana Appellate Rule 7(B)

## Facts

The record reveals that Jenks and her three codefendants, Cody Cashion ("Cashion"), Shelby Makowsky ("Makowsky"), and A.A., a juvenile, were part of a larger group of individuals committing various property crimes in the New

---

[1] IND. CODE §§ 35-43-1-1; 35-41-5-2.  We note that, effective July 1, 2014, a new version of this arson statute was enacted and that Class B felony arson is now a Level 4 felony.  Because Jenks committed her crimes in January of 2014, we will apply the statute in effect at that time.

Albany area. In late December 2013, Cashion was arrested for shoplifting, and Jenks was attempting to raise money to pay his bond by selling stolen items. A man who regularly bought stolen items from the group, Jonathan Stewart ("Stewart," a/k/a "Udy"), took stolen items from Jenks without paying for them. When discussing Stewart's theft on Facebook with another person, Jenks said, "Well I would[']ve [paid Cashion's bond] if [Udy had not] [f]**kin run off with all of our [f]**king shit[.] I'm gonna kill him . . . it[']s all his bitch asses fault or else [C]ody would be out right[] now[.]" (State's Ex. 1, at 2).

[4] Cashion was released a few days later, and in the early morning hours of January 4, 2014, Jenks drove Cashion, Makowsky, and A.A. to 335 Ealy Street where the group thought Stewart was staying. However, Stewart was not home at the time. Cashion fired a shell from a flare gun at the front of the home. The flare landed in a bedroom where a six-year-old, a five-year-old, a four-year-old, and a two-year-old child were sleeping. The room erupted in flames, and only the five-year-old child was able to escape; the other children were killed.

[5] Detectives investigating the case eventually received information that implicated Cashion and Jenks in the fire. The detectives found Jenks in New Albany and interviewed her. She told them that Cashion had fired a flare into the home and that she had been driving the car when he did it. On February 14, 2014, the State charged Jenks with one count of conspiracy to commit arson resulting in serious bodily injury as a Class A felony. On July 12, 2014, Jenks pled guilty to a lesser included offense of conspiracy to commit arson as a Class

B felony. The parties agreed that the trial court would decide her sentence after argument from the parties.

The trial court held a sentencing hearing on October 16, 2014.[2] After taking evidence and testimony, the trial court found Jenks's show of remorse, her cooperation with law enforcement, her age, her academic achievement in high school, her guilty plea, and the fact that she did not flee when charges were filed as mitigating circumstances. The trial court found her criminal history, the fact that she was on probation at the time of the offense, the fact that three children died and one was seriously injured, that all of the children were younger than twelve years old, and her conduct before she was arrested as aggravating circumstances. In relevant part, the trial court stated the following about her criminal history:

> Now granted, [m]inor [c]onsumption is a misdemeanor with minimal penalties. The [effect] of that . . . if that were her only conviction I would not consider that an aggravating factor. But then we've[] not long after that we have a [c]onversion charge where she [pled] guilty and was placed on [p]robation. A few months later[,] she's charged with a C felony drug offense and I understand that that might be [pled] out to something far less. However, she was on [p]robation so I do have to say that her history of criminal behavior [is an aggravating circumstance].

(Tr. 106).

---

[2] Jenks waived her right to be sentenced within thirty days pursuant to Indiana Criminal Rule 11, and the hearing was continued twice to October 16, 2014.

[6] The trial court sentenced Jenks to twenty (20) years in the Department of Correction, and she now appeals her sentence.

# Discussion

[7] Jenks appeals her sentence, claiming that the trial court abused its discretion by considering a pending charge in her criminal history. She also claims that her sentence is inappropriate under Ind. Appellate Rule 7(B). We address each of her claims separately.

## 1. Abuse of Discretion

[8] Notwithstanding the authority afforded to appellate courts by Indiana Appellate Rule 7(B), "sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006) (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)). A trial court may abuse its discretion in sentencing a defendant by: (1) failing to enter a sentencing statement; (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons; (3) omitting reasons that are clearly supported by the record and advanced for consideration; or (4) imposing a

sentence for reasons that are improper as a matter of law. *Anglemyer*, 868 N.E.2d at 490.

[9] Jenks relies on *Tunstill v. State*, 568 N.E.2d 539 (Ind. 1991) to argue that the trial court cannot consider a pending criminal charge as part of a criminal history for purposes of sentencing. There, the trial court made the following statement at sentencing:

> The Court would enter judgment of conviction against the defendant for voluntary manslaughter as a Class B felony. The Court has read the pre-sentence, the Court did hear the testimony that was submitted during the trial on this matter. The Court does find the following aggravating circumstances: That the defendant was on probation at the time the offense was committed. That the defendant's prior criminal history, consisting of an arrest on February 3, 1970, of carrying a concealed weapon, an arrest on May 18, 1971, for assault and battery with intent to kill, an arrest on March 13, 1983 for battery with injury, and other arrests indicating that the defendant's conduct was in fact escalated from carrying a concealed weapon, to in fact, voluntary manslaughter.

*Id*. at 543. Our supreme court found that the statements about Tunstill's arrests were error because "the [trial] court inferred that appellant *actually* committed the crimes for which he was arrested[.]" *Id*. at 545. (emphasis added).

[10] In Jenks's case, the trial court mentions the pending drug charge but acknowledges that it could be "pled to something far less." (Tr. 106). Moreover, unlike *Tunstill*, the trial court commented on a charge pending at sentencing and not arrests without any further disposition. A charge pending at

the time of sentencing is a proper aggravating circumstance "and may be considered by a sentencing court as being reflective of the defendant's character and as indicative of the risk that he will commit other crimes in the future. *Tunstill*, 568 N.E.2d at 545; *See also* IND. CODE § 35-38-1-7.1. Accordingly, the trial court did not abuse its discretion in sentencing Jenks.

2. Inappropriate Sentence

Jenks claims that her sentence is inappropriate given the nature of the offense and her character. She suggests that we revise her sentence downward with a portion suspended to probation.

Rule 7(B) of the Indiana Rules of Appellate Procedure gives this Court the power to revise an inappropriate sentence in light of the nature of the offense and character of the offender, giving due consideration to the trial court's decision. The defendant must persuade us that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Under Rule 7(B), we seek "to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id*. at 1224.

[13] In determining whether a sentence is inappropriate, we first look to the advisory sentence provided by statute. *Childress*, 848 N.E.2d at 1081. Arson resulting in serious bodily injury, including death, is a class A felony; the sentencing range at this level is between twenty (20) and fifty (50) years, with an advisory sentence of thirty (30) years. I.C. § 35-50-2-4. However, as a result of plea negotiations, Jenks was allowed to plead guilty to conspiracy to commit arson as a Class B felony; it carries a sentencing range between six (6) and twenty (20) years, with an advisory sentence of ten (10) years. I.C. § 35-50-2-5(a).

[14] As to the nature of the offense and Jenks's character, three children perished in a fire and another was seriously injured because Jenks and her codefendants sought revenge against Stewart for stealing property from them, property that they themselves had stolen from others. Jenks asks us to note that she "was unaware that any children were in the home, [and] the outcome in this case was utterly unintended." (Jenks's Br. 14). However, she and her codefendants conspired to commit an inherently dangerous act that included the foreseeable risk of destruction of property and loss of life. The fact that three innocent children lost their lives over nothing more than a dispute between thieves makes this offense particularly horrendous. While Jenks's criminal history is not extensive, the fact that she was on probation and had a pending felony charge at the time she was sentenced does not reflect the character of someone deserving of a revised sentence. Jenks has failed to persuade us that the nature of the offense and her character makes her sentence inappropriate.

We affirm.[3]

Crone, J., and Brown, J., concur.

---

[3] We affirmed Makowsky's twenty (20) year sentence for her role in the fire in a memorandum decision on January 28, 2015. *Makowsky v. State*, No. 22A04-1406-CR-295, 2015 WL 410453 (Ind. Ct. App. 2015), *trans. denied*. Cashion did not appeal his sentence for his part in this crime.